**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) RYAN SHEHAN, and<br>(2) VALERIE CICCHINO, individually, and as parents and next friends of A. Shehan, a minor,<br><br>        Plaintiff/Garnishor,<br><br>v.<br><br>(1) RIVERPORT INSURANCE COMPANY,<br><br>        Defendant/Garnishee. | Case No. 16-cv-298-CVE-FHM<br><br>Removed from the District Court of Tulsa County, Oklahoma<br>Case No. CJ-2009-4221 |

**NOTICE OF REMOVAL**

Garnishee Riverport Insurance Company ("Riverport") hereby notifies the Court and the parties that it is removing this action to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, *et seq*. and LCvR 81.2. Riverport respectfully shows the Court as follows:

1.  On June 19, 2015, a garnishment affidavit was filed against Riverport in the District Court of Tulsa County, Oklahoma, Case No. CJ-2009-4221, styled *Ryan Shehan and Valerie Cicchino, individually and as parents and next friends of A. Shehan, a minor, Plaintiff/Garnishor v. Karen Smith, d/b/a Karen's Kids, Defendant and Riverport Insurance Company, Garnishee* ("the state court garnishment action"). A true and correct copy of Plaintiff/Garnishor's (herein "Plaintiff") Garnishment Affidavit is attached hereto as Exhibit 1. Plaintiff received a judgment against Smith, and the Garnishment Affidavit avers that Plaintiff "believes that Garnishee, Riverport Insurance

Company is indebted to or has property within its possession or under its control, which is not by law exempt from seizure or sale upon execution, belonging to the Judgment Debtor, Karen Smith or Defendant."

2. On July 21, 2015, Riverport filed its Non-Continuing and General Garnishee's Answer/Affidavit ("Answer/Affidavit"). A true and correct copy of Riverport's Answer/Affidavit is attached hereto as Exhibit 2. The Answer/Affidavit states in relevant substance that Garnishee was not indebted to the judgment debtor, Karen Smith, as there is no coverage under her insurance policy.

3. In accordance with Local Rule 81.2, a true and correct copy of the docket sheet of the state court garnishment action as of May 20, 2016 ("Docket Sheet"), is attached hereto as Exhibit 3.

4. As reflected in the Docket Sheet, Plaintiff did not in 2015, or at any time since, file in the District Court a Notice to Take Issue with the Answer/Affidavit. However, on April 19, 2016, counsel for Garnishor sent correspondence by mail to counsel for Riverport, stating in relevant part: "After a thorough review of the policy, we believe the terms provide coverage for the claims and subsequent judgment against your insured. While we continue to pursue collection from Ms. Smith, we further will seek collection from your client via the garnishment." A true and correct copy of this letter from Plaintiff's counsel is attached hereto as Exhibit 4.

5. The state court garnishment action is a civil suit wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

### A. AMOUNT IN CONTROVERSY

6. Plaintiff alleges[1] that Smith is indebted to it for a balance of $550,000.00 on a judgment, plus interest. (*See* Ex. 1.) Garnishee has denied that it possesses any money or property of Smith to satisfy the judgment referenced in the garnishment affidavit. Accordingly, Plaintiff's suit makes a claim for coverage in excess of the jurisdictional amount. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

### B. DIVERSITY OF CITIZENSHIP

7. On information and belief, Plaintiff and Smith are residents, domiciliaries, and citizens of the state of Oklahoma.

8. Garnishee Riverport is incorporated in Iowa with its principal place of business in Iowa. Garnishee is not a citizen of the state of Oklahoma, and the diversity of citizenship requirement is satisfied. *See, e.g.*, *Thames v. Evanston Ins. Co.*, 13-CV-425-TCK-PJC, 2014 WL 991722 (N.D. Okla. Mar. 13, 2014) ("Finally, Plaintiff claims that Brookside, Evanston's insured [and the judgment debtor], is a necessary party to this proceeding and that Brookside's joinder would necessarily destroy diversity. However, even if Brookside were joined as a party, such joinder would not destroy diversity. 'In garnishment actions, where a garnishee has denied liability to the judgment debtor, the judgment creditor's and judgment debtor's interests are aligned on the same side for purposes of determining diversity of citizenship.'") (citation omitted).

### C. TIMELINESS

---

[1] There are multiple Plaintiffs in the caption; however, the Garnishment affidavit uses the term "Plaintiff" rather than "Plaintiffs," so Riverport will conform to this convention of the pleading.

3

9. In the state court garnishment action, Riverport's counsel received on April 21, 2016, the April 19, 2016 correspondence from Plaintiff's counsel stating that "we further will seek collection from your client via the garnishment." (Ex. 4.) Riverport believes and intends to show the Court that this letter is defective, as (a) it was improperly served, as 12 O.S. § 1177 requires service of an election to take issue with a contested garnishment answer to be served "personally or by certified mail," and this correspondence was sent by regular mail; and (b) it is untimely, as 12 O.S. § 1177 requires that if a judgment creditor wishes to elect to take issue with a garnishee's answer, it shall do so by notice within 20 days, and Plaintiff failed to do so. Nevertheless, out of an abundance of caution, Riverport interprets the correspondence received on April 21, 2016, as a purported election to take issue with Riverport's Answer/Affidavit. Riverport therefore files this Notice of Removal within 30 days the receipt of this document, which constitutes timely removal of the independent garnishment action. *See* 28 U.S.C. §1446(b); *Thames v. Evanston Ins. Co.*, 13-CV-425-TCK-PJC, 2014 WL 991722, at *4 (N.D. Okla. Mar. 13, 2014).

**D. VENUE AND COMPLIANCE**

10. This district court is a proper venue under the provisions of 28 U.S.C. § 1441(a), because this district encompasses the place where the removed action has been pending.

11. A copy of this Notice of Removal will promptly be filed with the Tulsa County District Court Clerk's office and will be served on Plaintiff.

4

12. In accordance with 28 U.S.C. §1446(a), Riverport avers that a copy of all processes, pleadings, and orders served upon or by Riverport in the independent state court garnishment action have been filed with this Court within the Exhibits to the present Notice.

WHEREFORE, Defendant/Garnishee Riverport Insurance Company removes this action to this Court, invoking this Court's jurisdiction.

Respectfully submitted,

s/ Gerald P. Green
Gerald P. Green, OBA No. 3563
John C. Lennon, OBA No. 30149
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
Post Office Box 26350
Oklahoma City, Oklahoma 73126-0350
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
jgreen@piercecouch.com
jlennon@piercecouch.com

*Attorneys for Defendant/Garnishee Riverport Insurance Company*

## **CERTIFICATE OF SERVICE**

This is to certify that on the 23rd day of May, 2016, a true and correct copy of the above and foregoing document was mailed, with postage thereon fully prepaid, to the following counsel of record:

Jason Messenger
RICHARDSON, RICHARDSON
 & BOUDREAUX
7447 South Lewis Avenue
Tulsa, Oklahoma  74136

I further certify that a true and correct copy of this Notice of Removal was mailed to Sally Howe Smith, Tulsa County Court Clerk, 500 South Denver Avenue, Tulsa, Oklahoma  74103.

                                               s/ Gerald P. Green
                                               Gerald P. Green