## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RYAN SHEHAN, and VALERIE CICCHINO, individually, and as parents and next friend of A. Shehan, a minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 16-CV-0298-CVE-FHM |
| RIVERPORT INSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) | |

### OPINION AND ORDER

Now before the Court is Defendant/Garnishee's Motion for Judgment on the Pleadings (Dkt. # 9). Defendant asks the Court to grant judgment on the pleadings, arguing that defendant's non-liability has been conclusively established as a matter of law. Id. Plaintiffs respond that defendant's motion should be denied, arguing that defendant does not rely on binding precedent and utilizes only part of the applicable statute in making its argument. Dkt. # 12. Defendant has filed a reply. Dkt. # 13.

### I.

Plaintiffs received a judgment in Oklahoma state court on March 9, 2015 against a non-party, Karen Smith, after plaintiffs' four-year old son was assaulted at a daycare run by Smith. At the time of the assault, Smith was insured by defendant. Defendant did not provide Smith a defense in the civil action, based on Smith's criminal conviction for neglect and applicable policy exclusions. On June 19, 2015, plaintiffs initiated this garnishment action against defendant in Tulsa County District Court. Dkt. # 2-1. Defendant filed and served its answer on July 21, 2015. Dkt. # 2-2. Defendant's

answer stated that it was not indebted to the judgment debtor, Smith, because Smith was denied coverage under her insurance policy. Id. Defendant's answer also stated defendant's objection to the garnishment action on the basis of improper service and notice and because there was no coverage under the insurance policy for Smith. Id. Plaintiffs did not respond to defendant's answer in any manner until April 19, 2016, when plaintiffs' counsel sent defendant a letter stating: "While we continue to pursue collection from Ms. Smith, we further will seek collection from your client via garnishment." Dkt. # 2-4. Defendant subsequently removed the action to this Court on the basis of diversity jurisdiction. Dkt. # 2. Defendant now moves for judgment on the pleadings, asserting that its non-liability has been conclusively established as a matter of law. Dkt. # 9.

## II.

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000); accord Corder v. Lewis Palmer Sch. Dist. No. 38, 566 F. 3d 1219, 1223-24 (10th Cir. 2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations

2

in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" Park Univ. Enters., Inc. v. Am. Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)).

### III.

Defendant argues that it is entitled to judgment on the pleadings because the Oklahoma garnishment statute dictates that a garnishee's answer is conclusive of the truth of the facts stated therein unless the plaintiff responds in writing, within 20 days, of the facts with which plaintiff elects to take issue. Dkt. # 8, at 3-4 (citing OKLA. STAT. tit. 12, § 1177). Because defendant filed and served its answer on July 21, 2015, and plaintiffs did not file or serve notice of election to take issue with defendant's answer, defendant asserts that its answer became conclusive of the truth of the facts stated therein upon the expiration of the 20-day time period. Id. Plaintiffs respond that

3

defendant does not provide a thorough analysis of the relevant statutory provision and relies upon non-binding precedent that does not accurately reflect Oklahoma courts' interpretations of this provision. Dkt. # 12, at 3. Plaintiffs also ask the Court to exercise its discretion to permit plaintiffs to file a notice of election to take issue out of time, even if the Court concludes that defendant's argument should be accepted. Id. at 2.

The statutory provision at issue, provides, in relevant part:

The answer of a garnishee shall in all cases be conclusive of the truth of the facts therein stated, with reference to the garnishee's liability to the defendant unless the judgment creditor shall within (20) days from the receipt of the garnishee's answer, from the date of the deposition of the garnishee, or from receipt of the garnishee's answers to interrogatories, whichever is later, serve upon the garnishee or the garnishee's attorney of record personally or by certified mail, return receipt requested, a notice in writing that the judgment creditor elects to take issue with the garnishee's answer; in which case, the issue shall stand for trial as a civil action in which the affidavit on the part of the judgment creditor shall be deemed the petition and the garnishee's answer the answer thereto.

OKLA. STAT. tit. 12, § 1177.

Plaintiffs have never filed or served defendant with a notice of election to take issue with defendant's answer. And plaintiffs did not respond to defendant's answer at all until the April 19, 2016 letter notifying defendant of plaintiffs' intent to collect from defendant on Smith's judgment. This letter is well beyond the 20-day window after receipt of the defendant's answer. "If 'a garnishee has answered that he is not indebted to the [non-party] in any manner, and the plaintiff fails to give the statutory notice that he elects to take issue on such answer, it is the duty of the trial

court to discharge the garnishee.'" Horwitz v. Doubenskaia, 264 P.3d 744, 748 (Okla. Civ. App. 2011) (quoting Archer-Daniels-Midland Co. v. McClarey, 287 P.2d 900, 901 (Okla. 1955)).[1]

However, plaintiffs argue that, because the statute provides that the 20-day time frame begins to run upon the later of receipt of the garnishee's answer, the date of the garnishee's deposition, or receipt of the garnishee's answers to interrogatories, and plaintiffs have not conducted any discovery, defendant is not entitled to judgment based on plaintiffs' failure to give notice of election to take issue with facts contained in defendant's answer within 20 days of receipt. Dkt. # 12, at 5. But, under OKLA. STAT. tit. 12, § 1183, "[w]ithin forty-five (45) days after the filing of the answer affidavit by the garnishee, the judgment creditor may commence discovery . . . ." Plaintiffs did not commence discovery within 45 days of defendant's answer; plaintiffs took no action at all in response to defendant's answer until the April 19, 2016 letter, nearly eight months after defendant filed and served its answer.

In an attempt to evade the time barriers provided by OKLA STAT. tit. 12, § 1177 and § 1183, plaintiffs ask the Court to exercise its discretion to allow plaintiffs to elect to take issue with defendant's answer out of time. Dkt. # 12, at 6. Plaintiffs identify two cases to support their request that the Court exercise its discretion to allow plaintiffs to file an out of time response. Id.; see also Mulford v. Neal, 264 P.3d 1173 (Okla. 2011) (holding that trial court did not abuse its discretion by allowing plaintiff leave to file a notice of election to take issue with defendant's answer to garnishment after § 1177 time period elapsed based, in part, on defendant's notice that plaintiffs

---

[1]     To the extent that plaintiffs argue that Horwitz should be disregarded because it preceded the Oklahoma Supreme Court decision in Mulford v. Neal, 264 P.3d 1173 (Okla. 2011), they are mistaken. Mulford was decided on March 15, 2011, and Horwitz was decided on August 16, 2011.  And Horwitz explicitly discussed the Mulford decision. 264 P.3d at 749.

5

would object to defendant's contentions); <u>Casualty Corp. of Am. v. Turner</u>, 458 P.2d 907 (Okla. 1969) (holding that extension of time period provided by § 1183 is a discretionary matter for trial court, and that a party may seek permission to extend a deadline beyond the statutory time frame). But <u>Mulford</u> merely acknowledges that a trial court may exercise its discretion to extend the time period for a plaintiff to take issue with facts contained in a defendant's garnishment answer, while noting that the defendant in that case had notice even before the garnishment proceedings that the plaintiffs resisted defendant's position. Similarly, <u>Turner</u> merely recognizes the power of a district court to exercise its discretion to permit extension of §1183's time limit. Both cases establish that a trial court has the discretionary authority to extend these deadlines; however, neither case persuades this Court that it should exercise its discretion to extend deadlines that elapsed nearly eight months before plaintiffs took any action.

Plaintiffs assert that defendant will suffer no prejudice if the Court allows plaintiffs to file an out of time notice of election to take issue with defendant's answer. Dkt. # 12, at 6. But this ignores plaintiffs' nearly eight-month delay and the impact of allowing plaintiffs to respond to defendant's answer at this point. Defendant argues that, because plaintiffs did not take issue with any of the facts contained in defendant's answer, nor commence discovery, during the requisite time period, defendant should prevail in this action. And defendant had no notice that plaintiffs would resist the contentions that defendant included in its answer. Denying defendant the opportunity to rely its defense, when plaintiffs have presented no justification for their delay in responding, would prejudice defendant. The Court thus declines to allow plaintiffs to file an untimely notice of election to take issue as a matter of discretion. Defendant's motion for judgment on the pleadings should thus be granted.

**IT IS THEREFORE ORDERED** that Defendant/Garnishee's Motion for Judgment on the

Pleadings (Dkt. # 9) is **granted**.  A separate judgment is entered herewith.

**DATED** this 9th day of August, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE