## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

RYAN SHEHAN, *et al.*,

              Plaintiffs/Garnishors,

vs.

RIVERPORT INSURANCE COMPANY,

              Defendant/Garnishee.

Case No. 16-CV-298-CVE-FHM

### REPORT AND RECOMMENDATION

Defendant/Garnishee's Motion for Award of Attorneys' Fees, [Dkt. 17], has been referred to the undersigned United States Magistrate Judge for report and recommendation.  The matter has been fully briefed.  [Dkt. 17, 18, 25, 29].

This action is a garnishment proceeding removed from Tulsa County District Court. Plaintiff received judgment against Karen Smith, d/b/a Karen's Kids, on March 9, 2015. They issued a garnishment against Karen Smith's insurer Riverport Insurance Company, Defendant/Garnishee herein.  Riverport filed a timely answer to the Garnishment attesting that Riverport was not indebted to the judgment debtor and that coverage under the insurance policy was denied.  [Dkt. 2-2].  This Court granted Defendant/Garnishee's (hereafter Defendant) motion for judgment on the pleadings and entered judgment in Defendant's favor.  [Dkt. 15, 16].

Under the applicable Oklahoma statute, 12 Okla. Stat. §1190(B)(1), a reasonable attorney fee shall be taxed as costs in favor of the prevailing party in a garnishment action. Defendant is indisputably the prevailing party.  Therefore an award of a reasonable attorney fee is appropriate.  Defendant seeks a total of $13,682.50 for 58.60 hours of attorney work.

Plaintiffs assert that 37.5 hours of the requested hours are unreasonable.  Plaintiffs also assert that the hourly rate is excessive.

To calculate a reasonable attorney fee, the court multiplies the reasonable number of hours spent on the litigation by a reasonable hourly rate.  The burden of proving the number of hours and rate is on the applicant.  *Malloy vs. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996).   The number of hours requested must be proven "by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School District No. 233, Johnson County, Kansas,* 157 F.3d 1243,1250 (10th Cir. 1998) citing *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983).  Normally, not all hours expended in litigation are billed to a client.  Further, even some hours that may be appropriately billed to a client are not appropriate to be assessed against an opponent because those hours should be attributed to overhead or are administrative/secretarial tasks which were performed by an attorney.  An applicant for a fee award should exercise billing judgment with respect to the number of hours claimed, excluding from the fee request hours that are redundant, excessive, or otherwise unnecessary.

The district court has an obligation to exclude hours not reasonably expended.  The Tenth Circuit has recognized that it may be unreasonable and practically impossible for the district court to identify hours reasonably expended by billing entry or litigation activity. *Case v. Unified School District No 223*, 157 F.3d 1243, 1250 (10th Cir. 1998).  "There is no requirement . . . that district courts identify and justify each disallowed hour.  Nor is there any requirement that district courts announce what hours are permitted for each legal task.

2

. . . A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) (citations omitted).

The undersigned has reviewed the fee request and accompanying billing statement, affidavit in support, and the filings in this case in detail.  The undersigned has also considered Plaintiffs' objections and Defendant's reply to those objections.  A reduction in the number of compensable hours is recommended for entries which reflect excess time billed for a task where two attorneys worked on the same task, and where administrative tasks were performed by an attorney.  This effort was hampered because most of the billing entries are block billing whereby multiple tasks are listed for a single time entry, but the time devoted to each task is not delineated.  Block billing makes it difficult for the court to determine whether the amount of time devoted to a task is reasonable.  However, the undersigned has not specifically reduced the fee award because of block billing.  Instead, some billing entries have been removed from the recommended award because a task inappropriate for an attorney fee award is included in the block billing entry.  While that may have resulted in the elimination of some appropriate time, that is the risk taken by Defendant in submitting block-billed entries which do not clearly demonstrate how hours for which compensation is requested were allotted to specific tasks as required by *Case v. Unified School District No. 233, Johnson County, Kansas,* 157 F.3d 1243,1250 (10th Cir.

1998).  Based on reductions in the described areas, the undersigned finds that the fee request should be reduced by 12.8 hours.[1]

It is apparent that the client granted approval for two attorneys to work on the case. It is also apparent that the client imposed certain reporting obligations on the lawyers. Even though the time for those activities and for two lawyers is appropriately billed to the client, it is not fair to shift those particular hours to an opponent.  So, while the court is not critical of the staffing of this case, the fee award has been reduced to eliminate hours where both Defendant's attorneys worked on the same task or billed for conferring with each other.   The fee award has also been reduced to eliminate the hours spent by attorneys in drafting, reformatting, and revising litigation budgets, and drafting reports to the client.  In addition, time spent on the garnishment answer is excessive and has been eliminated.[2]

Generally a reasonable hourly rate for an attorney fee award is determined by what attorneys of comparable skill and experience practicing in the area where the litigation occurs charge for their time.  *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (citing *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1084))("[a] reasonable rate is the prevailing market rate in the relevant community")*; Beard v. Teska*,

---

[1]  The approximate breakdown of reduced hours is:  9.4 hours reduced for duplicative work and interoffice conferences; 1.3 hours related to garnishment answer; and 2.1 hours for administrative or secretarial tasks.

Time was eliminated, as follows:  July 21, 2015 3.0; July 24 .3; August 5 .4; August 6 .8; September 24 .2; September 28 .2; October 6 .2; October 6 .1; April 22, 2016 .3; April 25 1.6; May 5 .4; May 17 .2; May 19 .3; May 20 1.0; May 23 .5; May 31 .6; June 7 .3; June 24 .2; June 27 .2; July 8 .2; July 12 .4; July 15 1.3; July 19 .2; July 22 .3; August 10 .1; August 13 .3; August 15 .1; August 16 .2; August 18 .3.

[2]  On 7/21, JCL reports spending one hour drafting an garnishment answer.  [Dkt. 18, p. 4].  In fact, the garnishment answer is a pre-printed form which was not signed by JCL.  On July 24, JCL reports spending another .3 hours reviewing the garnishment answer filed by the Holden and Carr firm.  *Id.*

4

31 F.3d 942, 956 (10th Cir. 1994) (the relevant market value is not necessarily the price a party's lawyer charged to prosecute the case, but "the price that is customarily paid in the community for services like those involved in the case at hand").

Defendant seeks $250 per hour for both attorneys working on the case.  Plaintiffs object to the hourly rates as unreasonably high for the nature of the work, a garnishment. However, Plaintiffs do not suggest a rate they believe to be appropriate.  Neither party has submitted affidavits or other evidence from attorneys with similar practices in the Northern District of Oklahoma to support an appropriate hourly rate.  Defendant did not provide any information about the length of time either attorney has practiced law, or any information about the nature of their practice and experience.  The undersigned observes, however, that although Defendant seeks $250 for both attorneys, the billing statement submitted reflects that JCL was billed at $175 per hour for his time in 2015.  [Dkt. 18, pp. 4-5].  In 2012 in a complex civil rights case, the undersigned recommended attorney fee rates in the range of $165 to $175 per hour for attorneys with experience in the 2-5 year range for work performed from 2008 to 2012. *D.G. v. Yarbrough*, 08-CV-74-GKF-FHM, Dkt. 846; 2012 WL 78929602 (N.D. Okla.)  Based on the type of work performed, the fact that JLC was billed at $175 per hour for part of the work, the absence of any information that would justify a higher rate, and knowledge of the *DG* case, the undersigned finds that $175 per hour is a reasonable rate for all the work performed in this case in the Tulsa market.

Based on the foregoing, the undersigned RECOMMENDS as a reasonable attorney fee in this case 45.8 hours of attorney time at $175 per hour for a total recommended attorney fee award of $8,015.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before November 30, 2016.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions."  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 16th day of November, 2016.


_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

6